IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

INTEGRATED DENTISTRY, P.A.

      Plaintiff,

v.

      Case No. _____

INTEGRATIVE DENTAL SPECIALISTS,
PLLC,

      Defendant.

---

## COMPLAINT

---

Plaintiff Integrated Dentistry, P.A., demands a jury trial pursuant to Fed. R. Civ. P. 38. This trademark infringement case seeks Defendant's profits, Plaintiff's actual damages, and costs pursuant to the Lanham Act, 15 U.S.C. § 1125(a), and Plaintiff additionally seeks a permanent injunction to prevent, and corrective advertising to cure, additional instances of actual confusion or likelihood of confusion in the relevant geographic market from which Plaintiff reasonably draws clients for advanced dental care and treatment.

## JURISDICTION AND VENUE

1.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338, which provides original jurisdiction over any civil action arising under any Act of Congress relating to trademarks, including the federal Lanham Act, 15 U.S.C. § 1125. The Court

may issue injunctions pursuant to 15 U.S.C. § 1116. Jurisdiction for the common law trademark rights is vested with this Court pursuant to supplemental jurisdiction, 28 U.S.C 1367, in that the common law claims are related to the original Lanham Act jurisdiction because they form the same case or controversy.

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the events leading to the claims occurred in this district, the Defendant has a principal place of business in this district, and all parties have substantial sales and business contacts in this district.

## THE PARTIES

3.      Plaintiff Integrated Dentistry, P.A., is an Arkansas Professional Association organized under Arkansas law having a principal place of business in Bentonville, Arkansas. Plaintiff provides services using the professional training and licensure of Dr. Johnson, DDS.

4.      Defendant Integrative Dental Specialists, PLLC, is a professional limited liability company organized under Arkansas law having a principal place of business in Rogers, Arkansas. Defendant provides services using the professional training and licensure of Dr. Johnson, DDS.

## PLAINTIFF'S BRANDING AND ADVERTISING

5.       Plaintiff registered to do business in Arkansas in January 11, 2011, and invested substantial money and time in its exclusive brand Integrated Dentistry™.

6.      Plaintiff systematically and continuously used Integrated Dentistry™ accompanied by the "™" symbol to provide the public with actual notice of its common law trademark rights. Plaintiff has used the mark without interruption or abandonment across the

northwest region of Arkansas and surrounding geography, including Oklahoma and Missouri. Plaintiff has an office in Bentonville and also in Mountain Home, Arkansas.

7.      Plaintiff has a substantial Internet presence using a highly interactive website, http://www.integrateddentistry.com, featuring testimonials, videos, and educational material. Plaintiff's website attracts customers all across Arkansas, Oklahoma, and Missouri. Plaintiff also has excellent customer reviews on Google and has earned very positive reviews on social media. Exhibit 1.

8.      Plaintiff's website markets its professional services and the professional training and licensure of Dr. Johnson, DDS. As a result of many years of practice in Northwest Arkansas and in neighboring states, Plaintiff generated and enjoys goodwill among the relevant Northwest Arkansas regional market and in neighboring states. Exhibit 2.



9.      Integrated Dentistry™ is an effective and operative trademark with earned trademark significance. Taken as a whole, the brand Integrated Dentistry™ is not generic nor descriptive, and over the past many years Integrated Dentistry™ has gained established meaning and significance for Plaintiff's services in the minds of the relevant consuming audience in this geographic region of Arkansas, Missouri, and Oklahoma.

10.     Because of Plaintiff's high degree of professionalism and excellent care for patients/clients, Plaintiff enjoys repeat clients, referrals from past clients, and referrals from other dental or medical professionals. As a result, Plaintiff's Integrated Dentistry™ branding has proven and substantial goodwill among the relevant geographic region of Arkansas, Missouri, and Oklahoma.

11.    Plaintiff consistently and continuously uses the Integrated Dentistry™ branding on many forms of advertising across Northwest Arkansas and neighboring states, having invested nearly $700,000 promoting its brand since 2012. Plaintiff uses radio ads, newspaper ads, and direct mail brochures, and is active in the region's Chambers of Commerce.

12.    Plaintiff's brand Integrated Dentistry™ has earned an established market penetration and significance among the relevant customers in Northwest Arkansas, Missouri, and Oklahoma.

13.    Plaintiff promotes the brand Integrated Dentistry™ on all literature distributed using the "Every Door Direct Mail" ("EDDM") marketing across much of Northwest Arkansas, and has done so for many years. A substantial number of residents having a mailing address receive informational packets throughout the year. Repeat target marketing is highly effective for Plaintiff.

14.    EDDM allows an advertiser to target a zip code, and the United States Postal Service delivers Plaintiff's informational materials directly to the doorstep or mailbox of potential clients/patients. Exhibit 3 is one of many examples of Plaintiff's informational packet as delivered to postal customers using EDDM marketing.

15.    It is Plaintiff's experience EDDM marketing is effective, but not necessarily on the day the brochures or packets are delivered in the potential client's mailbox. Instead, Plaintiff understands a client typically needs time to consider dental implants or other kind of comprehensive dental work.

16.    Prospective clients recall the EDDM marketing material but typically perform an Internet search using their mobile device or computer in order to locate the phone number and address for Plaintiff prior to scheduling an actual appointment.

17.     Plaintiff uses newspaper insert brochures placed with regional newspapers servicing northwest Arkansas. Exhibit 4 provides an example of the newspaper advertising insert. As with the EDDM marketing, the newspaper inserts are educational in nature and help identify a positive solution to a problem, thereby linking Plaintiff's Integrated Dentistry™ brand with that positive solution.

18.     It is Plaintiff's experience, when speaking with new clients, such clients perform an Internet search on their phone or home computer to verify the credibility and reputation of the dentist, and locate the current phone number and address for Plaintiff.

19.     According to recent studies and information on how people find local businesses, nearly one-half of all Internet searches on Google are seeking local information, and Google drives 96% of all mobile search traffic (see https://www.hubspot.com/marketing-statistics, citing Jody Nimetz Co., 2018). Nearly all mobile users (97%) find out more about a local company through the Internet (see https://seoexpertbrad.com/local-seo-stats/, citing BrightLocal.com in 2017).

20.     Plaintiff's potential patients/clients more likely than not use a mobile device or desktop computer to perform an Internet search to locate the phone number for local businesses by entering "Integrated Dentistry" or "Dr. Johnson," consistent with Plaintiff's advertising efforts using EDDM and other forms of media.

21.     A general Internet search for "Integrated Dentistry" using Google on either a mobile or desktop platform reveals Plaintiff's website as a top result, which has been the situation for many years. Recently, however, there has been an unwelcome change in those search results. Now, Defendant's website www.integrativedentalspecialists.com is becoming known among the top search results. See Exhibit 5.

22.     A general Internet search for "Integrated dental" using Google on either a mobile or desktop platform reveals Plaintiff's website and social media as a top result, which has been the situation for many years. Recently, however, there has been an unwelcome change in those search results. Now, Defendant's website is becoming known among the top search results. See Exhibit 6.

23.     Defendant's recent entry into this market, using a confusingly similar name, has caused actual confusion for Plaintiff's clients and potential new clients.

## DEFENDANT'S RECENT ENTRY INTO PLAINTIFF'S MARKET

24.     Prior to when Defendant adopted its confusingly similar branding, Defendant Dr. Drew Johnson worked for "Bold Dental," (see http://www.bolddental.com/fayetteville-arkansas/meet-dr-andrew-johnson/). See Exhibit 7.

25.     On information, the dental office "Bold Dental" is owned by one or more of the three entities, below.

26.     Bold Dental, LLC, was organized in Arkansas in 2013, it appears to be in good standing, and Scott L. Bolding is reportedly its manager.

27.     Bold Dental Partners, PLLC, was organized in Arkansas in 2013, it appears to be in good standing, and there are two officers: Taruna Bolding and Scott Bolding.

28.     A company known as Bold Dental Management, LLC was sued on numerous claims by its former business manager. In late 2017, a jury awarded that plaintiff nearly $700,000 in damages. After the verdict, a newspaper reported that Bold Dental Management changed its name (https://www.nwaonline.com/news/2017/dec/02/jury-awards-nearly-700-000-to-former-sp/).

29.     Today, Bold Dental has a substantial Internet presence and features Dr. Johnson and Dr. Taruna Bolding as the main dentists. See Exhibit 8.

30.     It appears to the public Dr. Johnson has a dental practice in at least two locations, Bold Dental (see http://www.bolddental.com/fayetteville-arkansas/meet-dr-andrew-johnson/ and with Defendant, https://integrativedentalspecialists.com/our-dental-specialists-team/). See Exhibits 7 and 9.

31.     Dr. Scott L. Bolding, DDS, appears to work at multiple locations, including Defendant, (https://integrativedentalspecialists.com/our-dental-specialists-team/) as well as the Arkansas Oral & Facial Surgery Center, (https://ofscenter.com/our-specialists/dr-scotty-l-bolding/). See Exhibits 9 and 10.

32.     Defendant registered its business on September 20, 2017, and it launched a website https://integrativedentalspecialists.com to market the professional training and licensure of Dr. Johnson, DDS and Dr. Scott L. Bolding, DDS.

33.     Defendant advertises its services using the confusingly similar term "Integrative dental specialists" and also identifies itself as "Integrative Dental." See Exhibit 11. (image below highlights in red the use of "Integrative Dental").



34.   Defendant invited the public to a ribbon cutting grand opening on October 3,

2017, in Rogers, Arkansas. Defendant began using the phrase "Integrative Dental Specialists"

and "Integrative Dental" to describe its services, which are virtually identical services offered by

Plaintiff.



35.   Defendant identified a virtually identically named dentist, Dr. Johnson, as the

primary dental professional now accepting patients. On October 16, 2017, Defendant announced

Dr. Johnson on social media:



36.     At the time Defendant opened its company servicing Northwest Arkansas, Plaintiff had already been operating and servicing dental patients in the Northwest Arkansas region. Plaintiff had two locations, one in Mountain Home and another in Bentonville.

37.     At the time Defendant opened its company, Plaintiff had a substantial number of past and present patients/clients.

38.     At the time Defendants opened its company, Plaintiff had a substantial Internet presence and was the exclusive and top search return for the term "Integrated dentistry," and the phone number and addresses for Plaintiff was fully indexed by general search engines.

39.     At the time Defendant launched its new company, Plaintiff had already generated substantial goodwill in the brand known to the region as Integrated Dentistry™ across Northwest Arkansas, Missouri, and Oklahoma.

40.     At the time Defendant opened its company, Plaintiff had already generated substantial goodwill for the professional results obtained by its own Dr. Johnson, DDS, and such success inured to the benefit of the Integrated Dentistry™ brand.

## INSTANCES OF ACTUAL CONFUSION

41.     Plaintiff has substantial evidence of actual confusion in the relevant geographic region of Arkansas, Missouri, and Oklahoma.

42.     Over the past year since Defendant opened its doors, Plaintiff received numerous calls from Defendant's patients attempting to make an appointment or to ask a question. Plaintiff has been diligent and has always operated in good faith to correct the actual confusion. Plaintiff has redirect confused patients to his or her correct dentist.

43.     Plaintiff received angry complaints from Defendant's patients over the past year about poor services offered by Defendant.

44.     One angry dental patient of Defendant called Plaintiff claiming he had paid to Defendant over $20,000 but was very unsatisfied with the quality of services he received.

45.     Other dental customers of Defendant complained of not having received a return phone call or receiving basic common courtesies.

46.     Repeated complaints about Defendant's unsatisfactory professional services or extreme lack of responsiveness are detrimental to Plaintiff's established goodwill and brand.

47.     Local dental professionals confusingly sent protected patient health information to Plaintiff when the patient was in fact serviced by Defendant.

48.     Because even sophisticated local dental and medical professionals are misdirecting confidential medical information to Plaintiff, it is likely other local dentistry professionals are mistakenly sending information or clients intended for Plaintiff to Defendant.

49.     Misdirected referrals from area dental and medical professionals are detrimental to Plaintiff's established goodwill and brand, and the misdirection is exacerbated because, not

only are both dental clinics named in a confusingly similar manner, but also because both

dentists (Dr. Derrick Johnson and Dr. Drew Johnson) have a virtually identical name.

50.     The local Chamber of Commerce mistakenly sent to Plaintiff the photos of

Defendant's grand opening.

51.     Plaintiff received numerous instances of incorrectly posted mail and unpaid

invoicing by vendors intended for Defendant.

52.     Prior to when Defendant adopted its confusing branding in late 2017, and at a

time when Dr. Andrew Johnson offered his professional services exclusively under the brand

"Bold Dental," Plaintiff did not suffer such misdirected mail, mistaken clients, erroneous

referrals, or other instances of actual confusion.

## DEFENDANT'S KNOWLEDGE OF ACTUAL CONFUSION

53.     Defendant was aware, prior to the adoption of its branding in late 2017, of

Plaintiff's branding, name, and good reputation in the community servicing Northwest Arkansas,

Missouri, and Oklahoma.

54.     Defendant's Dr. Johnson was already practicing dentistry under the brand "Bold

Dental" prior to when Defendant opened its doors and was doing so with success.

55.     There was no business need for Dr. Johnson, doing business as "Bold Dental," to

suddenly open a new entity absent his or the Bolding's desire to unfairly trade upon Plaintiff's

longstanding and existing goodwill.

56.     Defendant was aware, prior to the adoption of its branding in late 2017, of

Plaintiff's use of Integrated Dentistry™.

57.     Representatives of Bold Dental, including Dr. Johnson and Drs. Bolding, knew that by opening Defendant's dental practice, prospective patients were likely to be confused between Plaintiff and Defendant.

58.     Representatives of Defendant, including Dr. Andrew Johnson and Drs. Bolding, have known of numerous instances of actual confusion between Plaintiff and Defendant since Defendant opened in late 2017.

59.     Defendant, through its authorized agents, representatives, office staff, employees, and personally by Dr. Johnson, is aware of numerous instances of actual confusion by patients, potential patients, vendors, colleagues, and the general public.

60.     Defendant, through its employees, owners, or professionals, has known of instances of actual confusion involving the two companies but has taken no steps to change its name or to otherwise rectify the continuing problems and misdirection.

61.     With such knowledge of trademark injury to Plaintiff, Defendant continues to operate a business that unfairly benefits from Plaintiff's prior substantial and continuous investment into a service industry that relies heavily upon excellent customer service and favorable referrals, and requires advertising to garner new patients.

62.     Defendant has actual knowledge that its adoption of its brand name is the cause of misdirected invoices, misdirected patient records, and confused patients, but persists, nonetheless.

63.     Defendant has known of dental patients who received Plaintiff's EDDM mailers or newspaper advertisements who mistakenly called Defendant to schedule an appointment.

64.     Defendant has known of dental patients who received Plaintiff's EDDM mailers or newspaper advertisements who mistakenly called Defendant to schedule an appointment, and

Defendant, through its employees, made such appointment(s) for consultation or as a new patient.

65.     Defendant has not adopted adequate affirmative steps to disabuse Plaintiff's actual or potential customers of mistake or confusion.

66.     Defendant has taken no effective steps that would serve to prevent continued problems, but instead Defendant has benefitted from the confusion by accepting more patients and enjoying more revenue than it did operating as "Bold Dental," which appears to the public to have become associated with legal claims, a $700,000 judgment, and certain adverse publicity.

## COUNT I – TRADEMARK INFRINGEMENT

67.     The foregoing is incorporated by reference.

68.     Plaintiff brings this trademark claim pursuant to 11 U.S.C. § 1125 and its rights at common law.

69.     Through substantial and continuous use beginning on or before 2012, Plaintiff is vested with strong and distinctive common law trademark rights and federal rights pursuant to 15 U.S.C. § 1125 to the name or brand Integrated Dentistry™.

70.     Plaintiff has earned substantial market penetration and presence in the relevant market of dentistry, both general and specialized.

71.     Plaintiff uses Integrated Dentistry™ to identify and distinguish its services from those sold or offered for sale by others, and is known to the general public in the relevant geographic area as being the true source of services offered under the Integrated Dentistry™ brand.

72.     Defendant's use of a confusingly similar if not identical name in connection with Defendant's opening in late 2017, together with its launch of a comprehensive website that

- 13 -

competes alongside Plaintiff's website for general search engine rankings, was not authorized by Plaintiff.

73.    Plaintiff is likely to be damaged by Defendant's continued use of a confusingly similar brand on virtually identical services.

74.    Defendant's use of "Integrative Dental Specialists" is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association with Plaintiff and has, in fact, actually caused such confusion, mistake, or deception as to the affiliation, connection, or association with Plaintiff.

75.    Defendant's advertising, website, and business practices have caused actual consumer confusion as to source.

76.    Plaintiff has invested substantial money, time, and expertise in building an educational base and brand identity whereby virtually all mail box owners in this geographic region have been educated by Plaintiff, yet are misdirected to Defendant for professional dental services.

77.    Defendant selected its branding in bad faith and has willfully acted to misappropriate and, consequently, dilute Plaintiff's intellectual property rights.

78.     Defendant's adoption of its branding was not the result of any good faith on the part of Defendant, but instead constitutes a substantial departure from Defendant's previous dental practice named "Bold Dental."

79.    Plaintiff is entitled to its actual damages, lost profits, and Defendant's profits as damages to be proven at trial for willful trademark infringement, for an injunction to prohibit future infringing conduct, and for an award of damages adequate to provide corrective advertising.

## COUNT II – PERMANENT INJUNCTION

80.     The foregoing is incorporated by reference.

81.     Pursuant to the principles of equity as codified in 15 U.S.C. § 1116, the Court has the power to grant a permanent injunction against Defendant from infringement of Plaintiff's intellectual property rights, either founded in statutory common law or the federal Lanham Act.

82.     Plaintiff invested substantial sums and in good faith adoption of its Integrated Dentistry™ brand in interstate commerce.

83.     Integrated Dentistry, P.A., requests a permanent injunction prohibiting Defendant, its officers, professionals, and assigns from continued use of Plaintiff's Integrated Dentistry™ branding in connection with all dentistry professional services, or in a manner that would cause confusion, dilution, injury, or mistake.

84.     Plaintiff requests corrective advertising pursuant to 15 U.S.C. § 1116(a), requiring Defendant to take court-approved corrective steps to disabuse the public and relevant geographic market resulting from Defendant's conduct.

85.     Plaintiff requests an injunction requiring the destruction of all items marked with Defendant's branding.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Integrated Dentistry, P.A., seeks Defendant's profits, Plaintiff's actual damages and costs pursuant to the Lanham Act, 15 U.S.C. § 1125(a), and Plaintiff additionally seeks a permanent injunction to prevent, and corrective advertising to cure, additional instances of actual confusion or likelihood of confusion in the relevant geographic market from which Plaintiff reasonably draws clients for advanced dental care and treatment;

and that Plaintiff be awarded a reasonable attorney's fee, all costs, and any other relief to which

Plaintiff may be entitled.

By: Mark Murphey Henry (97170)
Adam Hopkins (2006282)
ROSE LAW FIRM
P.O. Box 4800
Fayetteville, Arkansas 72702
Telephone: (479) 695-1330
Facsimile: (479) 695-1332
Email: mhenry@roselawfirm.com
*Counsel for Plaintiff*