IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

INTEGRATED DENTISTRY, P.A.

    Plaintiff,

v.

INTEGRATIVE DENTAL SPECIALISTS, PLLC,

    Defendant

Case No. 5:19-cv-05090-TLB

## ANSWER

Defendant, Integrative Dental Specialists, PLLC ("IDS"), by and through its undersigned attorneys, and for its Answer to the Plaintiff's Complaint, states as follows:

1. Paragraph 1 of the Complaint states a legal conclusion and therefore requires no response. To the extent a response is required, Paragraph 1 of the Complaint is denied.

2. Paragraph 2 of the Complaint states a legal conclusion and therefore requires no response. To the extent a response is required, Paragraph 2 of the Complaint is denied.

3. Defendant has no knowledge of the allegations contained in Paragraph 3 of the Complaint and therefore denies same.

4. Paragraph 4 of the Complaint is denied as stated.

5. Defendant has no knowledge of the allegations contained in Paragraph 5 of the Complaint and therefore denies same.

6. Defendant has no knowledge of the allegations contained in Paragraph 6 of the Complaint and therefore denies same.

7. Defendant has no knowledge of the allegations contained in Paragraph 7 of the Complaint and therefore denies same.

8. Defendant has no knowledge of the allegations contained in Paragraph 8 of the Complaint and therefore denies same.

9. Defendant has no knowledge of the allegations contained in Paragraph 9 of the Complaint and therefore denies same.

10. Defendant has no knowledge of the allegations contained in Paragraph 10 of the Complaint and therefore denies same.

11. Defendant has no knowledge of the allegations contained in Paragraph 11 of the Complaint and therefore denies same.

12. Defendant has no knowledge of the allegations contained in Paragraph 12 of the Complaint and therefore denies same.

13. Defendant has no knowledge of the allegations contained in Paragraph 13 of the Complaint and therefore denies same.

14. Defendant has no knowledge of the allegations contained in Paragraph 14 of the Complaint and therefore denies same.

15. Defendant has no knowledge of the allegations contained in Paragraph 15 of the Complaint and therefore denies same.

16. Defendant has no knowledge of the allegations contained in Paragraph 16 of the Complaint and therefore denies same.

17. Defendant has no knowledge of the allegations contained in Paragraph 17 of the Complaint and therefore denies same.

18. Defendant has no knowledge of the allegations contained in Paragraph 18 of the Complaint and therefore denies same.

19. Defendant has no knowledge of the allegations contained in Paragraph 19 of the Complaint and therefore denies same.

20. Defendant has no knowledge of the allegations contained in Paragraph 20 of the Complaint and therefore denies same.

21. Defendant has no knowledge of the allegations contained in Paragraph 21 of the Complaint and therefore denies same.

22. Defendant has no knowledge of the allegations contained in Paragraph 22 of the Complaint and therefore denies same.

23. Paragraph 23 of the Complaint is denied.

24. Exhibit 7 to the Complaint speaks for itself. Any allegations inconsistent therewith in Paragraph 24 of the Complaint are denied.

25. The records of the Secretary of State with regard to these entities speak for themselves. Any allegations inconsistent with such records with regard to Paragraph 25 of the Complaint are hereby denied.

26. The records of the Secretary of State with regard to these entities speak for themselves. Any allegations inconsistent with such records with regard to Paragraph 26 of the Complaint are hereby denied.

27. The records of the Secretary of State with regard to these entities speak for themselves. Any allegations inconsistent with such records with regard to Paragraph 27 of the Complaint are hereby denied.

28. Paragraph 28 of the Complaint is denied as written.

29. Exhibit 8 to the Complaint speaks for itself. Any allegations contained in Paragraph 29 of the Complaint differ, such are denied.

30. Exhibits 7 and 9 speak for themselves. Any allegations inconsistent therewith in Paragraph 30 of the Complaint are denied.

31. Exhibits 9 and 10 speak for themselves. Any allegations inconsistent therewith in Paragraph 31 of the Complaint are denied.

32. Paragraph 32 of the Complaint is admitted.

33. Paragraph 33 of the Complaint is denied with regard to the legal conclusions stated. Integrative Dental Specialists is the name of Defendant's business and entity as approved by the Arkansas State Dental Board.

34. Paragraph 34 of the Complaint is denied to the extent that it asserts legal conclusions.

35. Paragraph 35 of the Complaint is denied to the extent that it asserts legal conclusions.

36. Defendant has no knowledge of the allegations contained in Paragraph 36 of the Complaint and therefore denies same.

37. Defendant has no knowledge of the allegations contained in Paragraph 37 of the Complaint and therefore denies same.

38. Defendant has no knowledge of the allegations contained in Paragraph 38 of the Complaint and therefore denies same.

39. Defendant has no knowledge of the allegations contained in Paragraph 39 of the Complaint and therefore denies same.

40. Defendant has no knowledge of the allegations contained in Paragraph 40 of the Complaint and therefore denies same.

41. Defendant has no knowledge of the allegations contained in Paragraph 41 of the Complaint and therefore denies same.

42. Defendant has no knowledge of the allegations contained in Paragraph 42 of the Complaint and therefore denies same.

43. Defendant has no knowledge of the allegations contained in Paragraph 43 of the Complaint and therefore denies same.

44. Defendant has no knowledge of the allegations contained in Paragraph 44 of the Complaint and therefore denies same.

45. Defendant has no knowledge of the allegations contained in Paragraph 45 of the Complaint and therefore denies same.

46. Defendant has no knowledge of the allegations contained in Paragraph 46 of the Complaint and therefore denies same.

47. Defendant has no knowledge of the allegations contained in Paragraph 47 of the Complaint and therefore denies same.

48. Defendant has no knowledge of the allegations contained in Paragraph 48 of the Complaint and therefore denies same.

49. Defendant has no knowledge of the allegations contained in Paragraph 49 of the Complaint and therefore denies same.

50. Defendant has no knowledge of the allegations contained in Paragraph 50 of the Complaint and therefore denies same.

51. Defendant has no knowledge of the allegations contained in Paragraph 51 of the Complaint and therefore denies same.

52. Defendant has no knowledge of the allegations contained in Paragraph 52 of the Complaint and therefore denies same.

53. Paragraph 53 of the Complaint is denied.

54. Paragraph 54 of the Complaint is admitted.

55. Paragraph 55 of the Complaint states a legal conclusion and is therefore denied.

56. Paragraph 56 of the Complaint is denied.

57. Paragraph 57 of the Complaint is denied.

58. Paragraph 58 of the Complaint is denied.

59. Paragraph 59 of the Complaint is denied.

60. Paragraph 60 of the Complaint is denied.

61. Paragraph 61 of the Complaint is denied.

62. Paragraph 62 of the Complaint is denied.

63. Paragraph 63 of the Complaint is denied.

64. Paragraph 64 of the Complaint is denied.

65. Paragraph 65 of the Complaint is denied.

66. Paragraph 66 of the Complaint is denied.

67. Defendant reincorporates and realleges each of its responses to Paragraphs 1-66 of the Complaint as if set forth herein word for word. Any allegations not specifically admitted herein are denied.

68. Paragraph 68 of the Complaint states a legal conclusion and is therefore denied.

69. Paragraph 69 of the Complaint is denied.

70. Paragraph 70 of the Complaint is denied.

71. Paragraph 71 of the Complaint is denied.

72. Paragraph 72 of the Complaint is denied.

73. Paragraph 73 of the Complaint is denied.

74. Paragraph 74 of the Complaint is denied.

75. Paragraph 75 of the Complaint is denied.

76. Paragraph 76 of the Complaint is denied.

77. Paragraph 77 of the Complaint is denied.

78. Paragraph 78 of the Complaint is denied.

79. Paragraph 79 of the Complaint is denied.

80. Defendant reasserts and realleges each of its responses to Paragraphs 1-79 of the Complaint as if set forth herein word for word. Any allegations not specifically admitted herein are denied.

81. Paragraph 81 of the Complaint states a legal conclusion and is therefore denied.

82. Paragraph 82 of the Complaint is denied.

83. Paragraph 83 of the Complaint is denied.

84. Paragraph 84 of the Complaint is denied.

85. Paragraph 85 of the Complaint is denied.

86. The prayer for relief requested in the Complaint is denied.

87. Plaintiff made no effort to contact Defendant, or to demand that Defendant cease and desist from the use of the name which Plaintiff now claims is confusingly similar. Such failure to do so indicates a lack of good faith on Plaintiff's part with regard to its purposes in bringing this action. Accordingly, the affirmative defenses of laches and unclean hands are hereby asserted.

88. Moreover, Defendant applied for and specifically requested of the Arkansas State Dental Board the right to use the name as set forth herein in this Complaint. Such use of the name was not deemed to be confusingly similar by the Arkansas State Dental Board and was approved. Such regulatory action is affirmatively indicative of the good faith efforts of Defendant to operate in a fair and just manner within the community and the region. Moreover, such approval serves to estopp the various claims asserted by Plaintiff in this action.

89. Plaintiff has failed to state a course of action cognizable under the laws of the State of Arkansas or of the United States of America. Accordingly, this cause of action must be dismissed with prejudice.

90. Plaintiff, specifically requests injunctive relief which is equitable in nature. Such equitable relief is inappropriate in circumstances such as are presented to the Court by the Complaint, specifically, Plaintiff's allegations request a remedy at law. Additionally, the harm suffered by Plaintiff, according to its own assertions, is remedied by money damages. Accordingly, injunctive relief is inappropriate.

91. Plaintiff failed to take common sense, necessary, and appropriate steps to mitigate its own damages. Specifically, it failed to contact the Arkansas State Dental Board regarding this matter. It failed to contact Defendant regarding this matter. It failed to take any steps whatsoever to alleviate whatever concerns it allegedly had with regard to confusion within the relevant market place. Such failure to mitigate, while fatal to Plaintiff's claim, is also indicative of the lack of harm actually suffered by Plaintiff due to any actions allegedly committed by the Defendant.

92. Defendant reserves the right to plead further, to amend its Answer, and to assert cross-claims, counterclaims, or seek any other relief to which it may be entitled.

WHEREFORE, Defendant, Integrative Dental Specialists, PLLC, respectfully requests this Court deny the Complaint of Integrated Dentistry, PA dismissing it with prejudice, that Plaintiff take nothing by its Complaint, that Defendant be awarded its attorneys fees, costs of this action, and any other relief for which it may be entitled.

Respectfully submitted,

Roger H. Fitzgibbon, Jr., ABN 98010
GILL RAGON OWEN, P.A.
425 West Capitol Avenue, Suite 3800
Little Rock, Arkansas 72201
Telephone:  (501) 376-3800
Facsimile:  (501) 372-3359
Email: fitzgibbon@gill-law.com
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of May, 2019, a copy of the foregoing has been filed and served by email and notice through the Electronic Filing System of the U.S. District Court for the Western District of Arkansas to the following:

Mark Murphey Henry
Adam Hopkins
ROSE LAW FIRM
P.O. Box 4800
Fayetteville, Arkansas 72702
Telephone: (479) 695-1330
Facsimile: (479) 695-1332
Email: mhenry@roselawfirm.com

Roger H. Fitzgibbon, Jr.