UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

INTEGRATED DENTISTRY, P.A.                                              PLAINTIFF

v.                               No. 5:19-cv-05090

INTEGRATIVE DENTAL
SPECIALISTS, PLLC                                                      DEFENDANT

## OPINION AND ORDER

Before the Court are Defendant's motion (Doc. 15) for protective order, Defendant's
proposed protective order (Doc. 15-2), Plaintiff's response (Doc. 16) opposing Defendant's
protective order, and Plaintiff's proposed protective order (Doc. 15-1). The parties agree that a
protective order is necessary to protect certain information, such as patient healthcare data,
protectable financial and business information, and tax records. However, the parties disagree as
to the means necessary to protect the patient healthcare data. The Court held a telephone hearing
November 26, 2019, to resolve discovery issues similar to those present in this motion. The Court
and parties all agreed a protective order would likely be necessary, and the Court instructed the
parties to file motions with their proposed language and the legal support for that language. After
reviewing the parties' motions, the Court will grant the parties' request for a protective order and
will enter a revised protective order separately.

Federal Rule of Civil Procedure 26(c)(1)(G) provides that "[t]he court may, for good
cause, issue an order to protect a party or person from annoyance, embarrassment, oppression,
or undue burden or expense" by "requiring that a trade secret or other confidential research,
development or commercial information not be revealed or be revealed only in a specified way."
Fed. R. Civ. P. 26(c)(1)(G). "The burden is therefore upon the movant to show the necessity of
its issuance, which contemplates 'a particular and specific demonstration of fact, as distinguished

from stereotyped and conclusory statements.'" *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973) (citing Wright & Miller, *Federal Practice and Procedure: Civil* § 2035 at 264-65).

The parties have shown good cause for the entry of a protective order as to documents containing confidential commercial information. Confidential commercial information falls squarely within the ambit of Rule 26(c). "Where discovery of confidential commercial information is involved, the court must 'balance the risk of disclosure to competitors against the risk that a protective order will impair prosecution or defense of the claims.'" *Bussing v. COR Clearing, LLC*, 2015 WL 4077993, at *2 (D. Neb. July 6, 2015) (quoting *Nutratech, Inc. v. Syntech (SSPF) Int'l, Inc.*, 242 F.R.D. 552, 555 (C.D. Cal. 2007)). Here, entry of a protective order will neither impair prosecution nor the defense of the claims as the parties are in agreement as to the protection of commercial information. The Court finds that good cause has been shown for the entry of a protective order regarding documents containing confidential commercial information.

The parties have also shown good cause for the entry of a protective order for patient healthcare data. Plaintiff requests a list of all Defendant's patients, their addresses, and the amount Defendant invoiced each patient. Federal law generally prohibits the disclosure of protected health information of third parties, but the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104–191, 110 Stat.1936 (also known as "HIPPA") allows disclosure of this information for purposes of litigation where a protective order is in place. *See* 45 C.F.R. § 164.512(e)(1)(ii); *see also Murphy v. Dulay*, 768 F.3d 1360, 1369 (11th Cir. 2014) ("[I]nformation may be disclosed only if the covered entity receives satisfactory assurance from the party seeking the information that reasonable efforts have been made to either (1) ensure that the individual whose information

is to be shared has been given notice of the request, or (2) secure a qualified protective order.")
(citing § 164.512(e)(1)(ii)). Because patient names, addresses, and billing information are
protected by HIPPA, the Court finds good cause to enter a protective order.

However, Defendant argues a list of *all* Defendant's patients is not relevant. Rather "[t]he
only patients that may be relevant would be those that are or were former patients of Plaintiff."
(Doc. 15, p. 3, ¶ 8). "Broad discovery is an important tool for the litigant, and so 'relevant
information need not be admissible at trial if the discovery appears reasonably calculated to lead
to the discovery of admissible evidence.'" *WWP, Inc. v. Wounded Warriors Family Support, Inc.*,
628 F.3d 1032, 1039 (8th Cir. 2011) (citing Fed. R. Civ. P. 26(b)(1)). Defendant does not explain
how only Plaintiff's patients are relevant to this lawsuit. Plaintiff represents that it intends to cross-
reference Defendant's patient list with its own mailing list to identify customers who "received
Plaintiff's direct mail advertising piece but then mistakenly called Defendant to make an
appointment." (Doc. 16, p. 9). A list containing all Defendant's patients is relevant to a trademark
infringement suit premised on consumer confusion and falls squarely within the broad scope of
permissible discovery. *See* Fed. R. Civ. P. 26(b)(1).

Because the Court finds this information is relevant and discoverable, there is no need for
*in camera* review of each patient's information, as suggested by Defendant. Furthermore, the
Court will not require Plaintiff to notify each individual whose information is being released. The
law implies that written notice is unnecessary in the event the Court enters a protective order.
*See Murphy*, 768 F.3d at 1369. If Defendant believes this is incorrect and is concerned with its
own HIPPA compliance, Defendant may send a written notice to each patient.

Defendant's request for a closed courtroom when patient information is "elicited, offered
or discussed" is also denied. A strong presumption in favor of public access to judicial proceedings

"is integral and essential to the integrity of the judiciary." *See Mine Safety Appliances Co. v. N. River Ins. Co.*, 73 F.Supp.3d 544, 557-61 (W.D. Pa 2014) (discussing the importance of public access to judicial proceedings). The party seeking to seal or close any part of a judicial record "bears the heavy burden of showing that . . . 'disclosure will work a clearly defined and serious injury to the party seeking closure.'" *Id.* at 560 (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)). "Such injury must be shown with specificity" and "[b]road allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." *Id.* Outside of the obvious HIPPA concerns, Defendant makes no showing as to how patient names, addresses, and amounts billed would work such a serious injury to Defendant such that closing the courtroom is a necessary step. The Court takes protecting HIPPA information seriously and includes broad language in its protective orders to ensure that, if the need arises, additional safeguards can be imposed at trial to protect that information. Defendant may raise its specific concerns at trial or before any hearings if the need becomes more apparent, but the Court will not preemptively restrict access to an otherwise public trial.

Because the parties have spent the better part of three months engaged in discovery disputes, the final scheduling order will be modified to extend all deadlines. A modified final scheduling order will be entered separately. Plaintiff asks for an order directing production of certain documents within five days and asks for fees associated with this discovery dispute. The Court will not impose fees. However, both parties are ordered to produce all discoverable documents not already produced within seven days from the entry of this protective order. The parties have had over three months to gather information sought by the other party. This protective order would appear to settle any lingering evidentiary disputes, so the Court expects a seamless end to discovery.

IT IS THEREFORE ORDERED that Defendant's motion (Doc. 15) for a protective order is GRANTED IN PART and DENIED IN PART. The Court will enter a revised protective order and an amended final scheduling order separately.

IT IS SO ORDERED this 30th day of January, 2020.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE